```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,       )
etc.,                               )
                                    )
                  Plaintiff,        )
                                    )
     v.                             )    No. 08 C 3770
                                    )
HOWARD L. ARENKILL, individually,   )
etc.,                               )
                  Defendants.       )
```

<u>MEMORANDUM ORDER</u>

This Court has just received a courtesy copy of the electronically filed Notice of Settlement and Administrative Dismissal ("Notice") submitted by counsel for plaintiff J&J Sports Productions, Inc. ("J&J"). This memorandum order is occasioned by the understandable unfamiliarity of J&J's counsel, a New York practitioner, with Seventh Circuit caselaw that renders one aspect of the Notice more than problematic.

What the Notice reflects is a settlement that calls for installment payments by defendants over a period ending not later than November 4, 2008. As is typical in such situations, J&J wishes to reserve the right to reopen and reinstate the action in case of any nonpayment, while as and when the settlement is performed in accordance with its terms J&J expects to dismiss its claims under Fed. R. Civ. P. 41.

So far, so good. But the problem with the Notice lies in its first sentence, which specifies that J&J "herewith notifies the Court of the settlement of this action with prejudice." That

reflects an unawareness of the trap for the unwary created by <u>Lynch, Inc. v. SamataMason, Inc.</u>, 279 F.3d 487, 489 (7th Cir. 2002), which treats the inclusion of the words "with prejudice" in a dismissal order as a poison pill that invalidates any attempted judicial retention of jurisdiction. Although that concept runs counter to the understanding of most practitioners that the type of settlement reflected in the Notice is appropriate (that is, that the words "with prejudice" carry a perfectly understandable meaning in that context--see the Supreme Court's opinion in <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994)), it represents controlling law in this Circuit.

Accordingly this Court orders the dismissal of this action in accordance with the Notice <u>except</u> for its reference to "with prejudice." That calls for an administrative closing of the case, with J&J retaining the rights of reopening and reinstatement or, alternatively, final dismissal with prejudice in the event of defendants' performance of their obligations under the settlement agreement. If no motion by J&J for reinstatement or to extend the time for reinstatement is received in this Court's chambers on or before November 5, 2008, this Court will order a dismissal with prejudice on November 6.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: September 17, 2008